UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KAWASAKI KISEN KAISHA, LTD.,

            Plaintiff,

vs.                                  Case No.  3:07-cv-86-J-20MCR

ALL CITY USED AUTO PARTS, INC., etc., et
al.*,*

            Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on All City Used Auto Parts, Inc.'s Motion to

Compel Kawasaki Kisen Kaisha, Ltd. to Respond to Questions Posed in 30(b)(6)

Deposition (Doc. 82) filed January 30, 2008.  Plaintiff Kawasaki Kisen Kaisha, Ltd. filed

its response (Doc. 84) on February 6, 2007.  Accordingly, this matter is ripe for review.

## **I. BACKGROUND**

Kawasaki Kisen Kaisha, Ltd. ("Kawasaki") filed an Interpleader Complaint against

Defendants All City Used Auto Parts, Inc. ("All City") and Skyline Trading, Inc.

("Skyline") for two items of industrial equipment.  (Doc. 37).  Both All City and Skyline

claim a legal or equitable interest in the equipment and have filed cross claims against

each other.  (Docs 9 & 45).  The parties are currently participating in discovery;

however, the discovery deadline is February 15, 2008.  (Doc. 74).  Skyline requested a

Rule 30(b)(6) deposition of Kawasaki's corporate representative and provided notice of

the topics to be covered.  (Doc. 82-2).  Specifically, Skyline notified Kawasaki that it

intended to depose Kawasaki's representative on questions related to Kawasaki's

responses to Skyline's Interrogatories, which Kawasaki served to both All City and

Skyline on September 21, 2007.  (Doc. 84, p. 4).  These responses set forth the amount

of freight paid to Kawasaki in connection with several cargo movements of equipment

which are the subject of various bills of lading.  (Docs. 84, p. 4 & 84-2).  Skyline

confirmed to Kawasaki that the purpose of the deposition was to authenticate and lay an

evidentiary foundation for the admissibility of the bills of lading produced by Kawasaki in

discovery.  (Doc. 84, p. 4).  Skyline also sought to confirm the amounts paid by the

parties on the bills of lading which are reflected in Kawasaki's books and records.  Id.

The Rule 30(b)(6) deposition was scheduled for January 30, 2008.  (Doc. 82-2).

Notably, All City did not request a separate deposition and did not cross notice the

deposition to include additional issues about which All City wished to inquire.  (Doc. 84,

pp. 13-16).  The deposition on January 30, 2008 took place, with two of Kawasaki's

corporate representatives testifying on behalf of Kawasaki.  (Doc. 82, p. 1).  All City was

given an opportunity to cross examine the witnesses, but states Kawasaki objected and

instructed the witnesses not to answer certain questions.[1]  Id. at 2.  Now, All City seeks

an order from this Court directing Kawasaki to respond to the questions propounded by

---

[1] Kawasaki presents a different scenario of how the events occurred.  It states that it objected to the line of questioning by All City's counsel on the basis that the questions went beyond the scope of the noticed deposition and the authority of the deponent to testify on behalf of Kawasaki, but also states that the witnesses were permitted to testify and that they testified that the questions went beyond their areas of competency.  (Doc. 84, p. 14).

All City in the Rule 309b)(6) deposition.  (Doc. 82, p. 7).   All City also seeks attorneys

fees and costs.  Id.

## II.  ANALYSIS

All City requests the Court to direct Kawasaki to provide a witness to respond to

the questions posed by All City at the January 30, 2008 deposition.  Id.  All City sets

forth the following types of questions it seeks to have answered: questions which

concern the accuracy of the bills of lading and Kawasaki's booking notes; questions

concerning  the corporate representative's investigation of the corporate records,

questions concerning the tariff charges for the appropriate freight weights, cargo

measurements, and charges; and whether All City is entitled to a refund from Kawasaki

for freights if it paid over $60,0000.  Id. at 5.  All City argues it has been prejudiced

because it was denied an opportunity to cross-examine and impeach witness testimony

which will likely be used by Skyline at trial.  Id.

Kawasaki opposes the relief requested for four reasons.  (Doc. 84).  First,

Kawasaki notes All City failed to confer in good faith for purposes of attempting to

resolve this Motion.  Id. at 6-8.  It states that the only discussion which took in an effort

to resolve these issues was the parties' counsels' discussion during the deposition on

the record and that All City filed this Motion within hours of the conclusion of the

depositions without further attempting to resolve such issues.  Id.  Second, Kawasaki

notes that All City has failed to produce the deposition transcript to support its Motion

and that such failure prejudices Kawasaki in that Kawasaki is forced to respond to this

Motion based on its counsel's memory -- which is fallible by nature.  Id. at 8-10.  Third,

Kawasaki argues the questions asked by All City during the deposition exceeded the scope of the areas of inquiry for which the deposition was noticed and were irrelevant to any issues in the lawsuit.  Id. at 10-13.  Finally, Kawasaki argues that All City's Motion should be denied because it failed to notice its own deposition or cross-notice the deposition noticed by Skyline.  Id. at 13-16.  Kawasaki states that the questions asked by All City went beyond the areas of competency and/or authority of the designated witnesses.  Id.  In fact, Kawasaki argues its corporate designees even stated as much on the record.  Id.

Local Rule 3.04(a) of the United States District Court for the Middle District of Florida states:

> A motion to compel discovery pursuant to Rule 36 or 37, Fed. R. Civ. P., shall include quotation in full of each . . .question on deposition . . . to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

Importantly, All City failed to set forth both the questions it asked in the January 30, 2008 deposition and Kawasaki's objections and responses.  Moreover, All City failed to provide this Court with a transcript of the relevant deposition.  As such, this Court is unable to determine whether the disputed questions posed by All City exceed the relevant scope of the subject matter set forth in the deposition notice by Skyline.

Rule 30(b)(6) requires the examining party to designate the matters on which the examination is requested.  Fed. R. Civ. P. 30(b)(6).  A corporation then has the responsibility to produce a witness who can answer questions regarding the subject

matter listed in the notice.  <u>King v. Pratt & Whitney</u>, 161 F.R.D. 475, 476 (S.D. Fla. 1995).  If, however,  the corporate designee does not know the answer to questions which are outside the scope of the matters described in the notice, then the questioning party is out of luck.  <u>Id.</u>

In this case, All City did not notice the deposition; Skyline did.  (Doc. 84, pp. 13-17).  Skyline's counsel discussed the subject matters of inquiry with counsel for Kawasaki before the deposition took place.  <u>Id.</u> at 4.  Skyline also provided written notice of the subject matter areas about which it intended to inquire.  (Doc. 82-2).  All City did not add to those areas of inquiry.  Without seeing the actual deposition transcript this Court is forced to speculate on whether the line of questioning sought by All City falls within the subject matter of inquiry set forth by Skyline.  Thus, the Motion is denied on this basis alone.  It should be noted, however, that upon considering the five categories of information specified in Exhibit A to the deposition notice (Doc. 82-2), and based on the contested areas of inquiry – as stated by All City, it appears that some of the questions, i.e., questions related to Kawasaki's billing notes, applicable tariff charges, and the possibility of a refund – go beyond the subject matter which was noticed by Skyline.[2]

---

[2] It is also unclear to this Court whether the parties participated in a Rule 3.01(g) conference, as required by the Local Rules.  All City represents that it attempted to confer with Kawasaki in good faith.  Kawasaki, on the other hand, states All City did not confer with it other than on the record during the deposition.  While reserving judgment on this issue, the Court would nevertheless like to stress that the importance of the Local Rules cannot be overstated.  The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention."  <u>Desai v. Tire Kingdom, Inc.</u>, 944 F. Supp. 876 (M.D. Fla. 1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, (continued...)

Accordingly, after due consideration, it is

**ORDERED**:

All City Used Auto Parts, Inc.'s ("All City") Motion to Compel Kawasaki Kisen

Kaisha, Ltd. to Respond to Questions Posed in 30(b)(6) Deposition (Doc. 82) is

**DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  13th  day of

February, 2008.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party

---

[2](...continued)
in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575 (M.D. Fla.
2000).  In the future, the parties are admonished to put forth a good faith effort to communicate with
one another and attempt to resolve disputes which need not be resolved by the Court.  Quite
possibly, the parties could have resolved this dispute without Court intervention or All City could
have noticed its own 30(b)(6) deposition before the close of discovery.